UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LOUIS ANTHONY WILBON, and
JOHN TYRONE GREEN,

    Plaintiffs,               CIVIL ACTION NO. 07-13938

  vs.                          DISTRICT JUDGE AVERN COHN

EDWARD M. THOMAS, DEBORAH    MAGISTRATE JUDGE DONALD A. SCHEER
THOMAS, DENNIS C. KOLENDA,
GEORGE S. BUTH, CLIFFORD
TAYLOR, WILLIAM C. WHITBECK, and
STATE OF MICHIGAN
ADMINISTRATIVE BOARD,

    Defendants.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

<u>RECOMMENDATION</u>: The instant prisoner civil rights Complaint against six State of Michigan judges and court administrative board should be DISMISSED based upon absolute judicial immunity and lack of subject matter jurisdiction.

\*   \*   \*

Plaintiffs, while prisoners at the Gus Harrison Correctional Facility in Adrian, Michigan,[1] filed the instant Complaint, pursuant to 42 U.S.C. § 1983, on September 18, 2007, against six State of Michigan circuit and appellate court judges and the state court administrative board. The complaint is premised on the theory that these judges improperly adjudicated Plaintiffs' respective criminal cases[2] without "constitutionally mandated

---

[1]   Both Plaintiffs are still incarcerated at the Gus Harrison Correctional Facility.

[2]   The Complaint does not identify particular state cases or proceedings.

licenses". As a result, Plaintiffs seek expungement of their respective criminal convictions allegedly imposed by the named judges.

Defendants Kolenda and Buth filed a Motion to Dismiss on November 12, 2007, contending, inter alia, that they were entitled to absolute judicial immunity for acts committed within their judicial jurisdiction. Plaintiffs filed a response to the Motion to Dismiss on November 30, 2007, arguing to the contrary.

ABSOLUTE IMMUNITY

Judicial officers are entitled to absolute immunity from claims for damages for actions taken in the course of their duties in the judicial process. No immunity doctrine pertaining to individuals is more strongly established than that of judicial immunity. Sound policy concerns favor judicial immunity in suits for money damages to avoid impairment of the judicial process. Pierson v. Ray, 386 U.S. 547 (1967); Barnes v. Winchell, 105 F.3d 1111 (6th Cir. 1997). Quasi-judicial immunity also extends to those persons who perform tasks so integral to or intertwined with the judicial process that they are considered an arm of the judicial officers who are immune. Cooper v. Parrish, 203 F.3d 937, 950 (6th Cir. 2000). As a result, court clerks and administrators are also protected by this immunity. Bush v. Rauch, 38 F.3d 842, 847 (6th Cir. 1994). Although Plaintiffs have named State Administrative Board-MI as a party defendant, they have failed to identify the particular board, or any member or function assigned to it, or any act by the board or any member in derogation of any right or interest of either Plaintiff. Even under the most liberal and deferential interpretation, I find that the Complaint fails to state a claim upon which relief may be granted against any State of Michigan Administrative Board.

LACK OF JURISDICTION

Alternatively, Plaintiffs' malicious prosecution claim should be dismissed because, if successful, it would imply the invalidity of their felony convictions. In Heck v. Humphrey, 512 U.S. 477 (1994) the Supreme Court stated:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the Complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Heck v. Humphrey, 512 U.S. at 486-487.

In the instant case, Plaintiffs do not aver that their respective convictions have ever been invalidated by Michigan's appellate courts. In fact, the Complaint fails to identify any state court case against either Plaintiff. Assuming such cases exist, and that convictions were not overturned on appeal in the state system, the Rooker-Feldman doctrine precludes review in federal trial courts.

> That doctrine, a combination of the abstention and res judicata doctrines, stands for the proposition that a federal district court may not hear an appeal of a case already litigated in the state court. A party raising a federal question must appeal a state court decision through the state system and then directly to the Supreme Court of the United States.

United States v. Owens, 54 F.3d 271, 274 (6th Cir. 1995) (citing District of Columbia Court of Appeal v. Feldman, 460 U.S. 462, 476 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413

(1923)). The Rooker-Feldman doctrine prevents a party losing in state court from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights. Hood v. Keller, 341 F.3d 593, 597 (6th Cir. 2003). Therefore, Plaintiffs' claims, which purport to undermine their prior criminal convictions, are precluded from review in this forum.[3]

For the foregoing reasons, it is recommended that Defendants Kolenda and Buth's Motion to Dismiss should be granted.

Even though the remaining defendants have not been served to date, the Complaint should be dismissed as to them as well, pursuant to 28 U.S.C. § 1915(e)(2),[4] for failure to state a claim upon which relief may be granted.

The parties are advised that any objections to this Report and Recommendation must be filed with the Court within ten (10) days after they are served with a copy, or further appeal from Judge Cohn's acceptance thereof is waived.

---

[3] If Plaintiffs are challenging the fact or duration of their physical confinement alleging violations of their federal constitutional rights by improper judicial procedures leading to their convictions, then a civil rights complaint is an improper means for attacking the length of his incarceration. In Preiser v. Rodriquez, 411 U.S. 475, 500 (1973), the Supreme Court held that when a state prisoner is challenging the fact or duration of his physical confinement, his sole remedy is a writ of habeas corpus.

[4] 28 U.S.C. § 1915(e)(2) provides, in pertinent part:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that-
\*\*\*\*
    (B) the action or appeal-
\*\*\*
    (ii) fails to state a claim upon which relief may be granted... .

s/Donald A. Scheer
DONALD A. SCHEER
UNITED STATES MAGISTRATE JUDGE

DATED: December 14, 2007

_____

**CERTIFICATE OF SERVICE**

I hereby certify on December 14, 2007 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on December 14, 2007. **Louis Wilbon, John Green.**

s/Michael E. Lang
Deputy Clerk to
Magistrate Judge Donald A. Scheer
(313) 234-5217