UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


LOUIS ANTHONY WILBON, and
JOHN TYRONE GREEN,

    Plaintiffs,

v.                                        Case No. 07-13938

EDWARD M. THOMAS,               HONORABLE AVERN COHN
DEBORAH THOMAS, DENNIS C. KOLENDA,
GEORGE S. BUTH, CLIFFORD TAYLOR,
WILLIAM C. WHITBECK, and STATE OF
MICHIGAN ADMINISTRATIVE BOARD

    Defendants.

_____/


**ORDER ADOPTING REPORT AND RECOMMENDATION
AND
GRANTING DEFENDANTS KOLENDA AND BUTH'S MOTION FOR SUMMARY
JUDGMENT
AND
DISMISSING COMPLAINT AGAINST THE REMAINING DEFENDANTS**

This is a case brought by two Michigan prisoners seeking declaratory relief. Plaintiffs are pro se. Plaintiffs sued defendants, six State of Michigan judges and the Michigan Administrative Board, claiming that they improperly adjudicated plaintiffs' respective criminal cases "without constitutionally mandated licenses." Plaintiffs seek expungement of their criminal convictions. The matter was referred to a magistrate judge for all pre-trial proceedings and before whom defendants Kolenda and Buth, the only defendants who have been served, filed a motion to dismiss. The magistrate judge issued a report and recommendation (MJRR) recommending (1) that the motion be

granted on the grounds that they are entitled to judicial immunity, (2) the complaint fails to state a claim for relief against the Michigan Administrative Board, (3) that any claim of malicious prosecution claims be dismissed based on the holding in Heck v. Humphrey, 512 U.S. 477 (1994) and the Rooker-Feldman doctrine, (4) plaintiffs' claims against the remaining, unserved defendants also be dismissed for failure to state a claim.

Before the Court are plaintiffs' objections to the MJRR.

## II.

To the extent plaintiffs' objections can be intelligently read, plaintiffs appear to object to the magistrate judge's characterization of the complaint as a civil rights case under 42 U.S.C. § 1983. Rather, plaintiffs say that the complaint is grounded solely in a claim for declaratory relief. Plaintiffs' explanation as to the nature of the complaint shows that it suffers from a defect not raised before the magistrate judge. That is, a lack of subject matter jurisdiction. The Declaratory Judgment Act provides:

> (a) In a case of actual controversy within its jurisdiction, ... any court of the United States, upon the filing of an appropriate pleading, may declare the *470 rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201. Contrary to plaintiffs' argument, the Declaratory Judgment Act does not create an independent basis for federal subject matter jurisdiction. See Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671-72, 70 S.Ct. 876, 94 L.Ed. 1194 (1950); Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 240, 57 S.Ct. 461, 81 L.Ed. 617 (1937) (explaining that the Declaratory Judgment Act is procedural only). The Act only provides courts with discretion to fashion a remedy. See Public Serv. Comm'n v.

Wycoff Co., 344 U.S. 237, 241, 73 S.Ct. 236, 97 L.Ed. 291 (1952). Thus, before invoking the Act, the court must have jurisdiction already. See King v. Sloane, 545 F.2d 7, 8 (6th Cir.1976). A plaintiff cannot circumvent the well-pleaded complaint rule by seeking a declaratory judgment that a federal law is unconstitutional or inapplicable if the complaint itself would not otherwise state a federal question. See Skelly Oil Co., 339 U.S. at 671, 70 S.Ct. 876.

Here, the magistrate judge, affording the complaint a liberal reading, assumed that the complaint was filed under § 1983, a federal statute used to assert violations of constitutional rights against state actors. So construed, the complaint arguably falls within the jurisdiction of the Court as it asserts a federal claim. However, plaintiffs' statement that the complaint is based only on the Declaratory Judgment Act requires that it be dismissed for lack of subject matter jurisdiction.

Additionally, as pointed out in the MJRR, the complaint suffers from other deficiencies requiring its dismissal. The notable deficiency being that defendants are entitled to judicial immunity. The Court fully agrees with the magistrate judge's analysis as to the reasons for dismissal of the complaint.

Finally, plaintiffs have filed papers in this case which purport to "remove" a case that is pending before the Michigan Court of Appeals and join it with the instant case. As best as can be gleaned, plaintiffs filed a case in Kent County Circuit Court, case no. 07-010192, against many of the same defendants arguing that they are not properly "licensed." The Circuit Court dismissed the case. Plaintiffs appealed and the appeal is docketed as case no. 282519. Under these circumstances, there is simply no basis upon which to "remove" plaintiffs' state court case.

III.

Accordingly, the findings and conclusions of the magistrate judge are adopted as the findings and conclusions of the Court. Kolenda and Buth's motion for summary judgment is GRANTED. The complaint against the remaining defendants is DISMISSED. This case is CLOSED.

SO ORDERED.

      s/Avern Cohn
      AVERN COHN
      UNITED STATES DISTRICT JUDGE

Dated: January 3, 2008

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record and Louis Wilbon, 162532, Gus Harrison Correctional Facility, 2727 E. Beecher Street, Adrian, MI 49221 and John Green, 196584, Gus Harrison Correctional Facility 2727 E. Beecher Street, Adrian MI 49221 on this date, January 3, 2008, by electronic and/or ordinary mail.

      s/Julie Owens
      Case Manager, (313) 234-5160